IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRIENDS OF THE BITTERROOT; FRIENDS OF THE CLEARWATER; NATIVE ECOSYSTEMS COUNCIL; and WILDEARTH GUARDIANS,<br><br>     Plaintiffs,<br><br>vs.<br><br>DEB HAALAND, Secretary of the Interior; MARTHA WILLIAMS, Director of the U.S. Fish and Wildlife Service; U.S. FISH AND WILDLIFE SERVICE; RANDY MOORE, Chief of the U.S. Forest Service; MATT ANDERSON, Forest Supervisor of the Bitterroot National Forest; and U.S. FOREST SERVICE,<br><br>     Defendants. | CV 24–169–M–DLC<br><br><br>ORDER |

 Before the Court is the parties' joint motion to stay. (Doc. 13.) For good cause appearing,

 IT IS ORDERED that the motion (Doc. 13) is GRANTED. This matter is STAYED on the following terms proposed by the parties in their motion and now adopted by the Court:

1

1. All case deadlines are stayed pending U.S. Fish & Wildlife Service's ("FWS") issuance of an amended Biological Opinion ("BiOp") for Amendment 40 to the Forest Plan for the Bitterroot National Forest, except that the stay will not continue beyond April 30, 2025, unless otherwise agreed to by the parties and the Court.

2. During the pendency of the stay, the Forest Service will not issue any decisions for projects that rely on Amendment 40's elimination of the Elk Habitat Effectiveness standard.

3. During the pendency of this lawsuit, the Forest Service will provide 4-weeks' notice prior to conducting ground disturbing operations on any project that would rely on Amendment 40's elimination of the Elk Habitat Effectiveness standard.

4. The Forest Service represents to the Court that the only project it believes would be implicated by paragraphs 2 and 3 is the "Bitterroot Front" project.

5. Plaintiffs reserve the right to identify additional projects that they believe are implicated by paragraphs 2 and 3 and may dispute Defendants' characterization of whether a project relies on Amendment 40's elimination of the Elk Habitat Effectiveness standard. In such an event, if roadbuilding is imminent, Plaintiffs may request that the Court dissolve the stay and proceed with litigation.

6. During the pendency of this lawsuit, the Forest Service separately agrees to provide 4-weeks' notice prior to conducting ground disturbing operations on any of the Rye Creek, Sleeping Child, Sula, and Soda baker fuel break projects.

7. The Forest Service will Plaintiffs with copies of any revised Biological Assessments ("BA") for grizzly bears and bull trout upon transmittal of the same to FWS.

8. Following issuance of the amended BiOp, Defendants will provide notice to Plaintiffs and the Court that the stay should be dissolved within three business days, and the parties will proceed along the following schedule:

    a. Plaintiffs will file an amended complaint within 30 days of receiving notice of the issuance of the BiOp.

    b. Defendants will file their response to the amended complaint within thirty days of receiving Plaintiffs' amended complaint.

    c. The parties will meet and confer regarding the completeness of the administrative record and preparing a briefing schedule within 30 days of Defendants' lodging of the record(s). The parties will submit a proposed briefing schedule for the resolution of any record-related motion or cross-motions for summary judgment

within fourteen days of the parties' meet-and-confer deadline regarding the record(s) in this case.

DATED this 30th day of January, 2025.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court